JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CYNTHIA SCOTT AND THOMAS SCOTT, <br><br> Plaintiffs, <br><br> vs. <br><br> WALTER CERVANTES, CELIA CERVANTES, RUBEN CERVANTES, CITY OF SIMI VALLEY and Does 1-50, <br><br> Defendants. | CASE NO. CV 08-03293 MMM (CWx) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO REMAND AND DENYING PLAINTIFFS' NOTICE OF REMOVAL |

The Estate of Cynthia Scott and Thomas Scott filed this action against defendants alleging claims for wrongful death and survival, negligence, gross negligence, willful and wanton conduct, and negligent entrustment. Plaintiffs commenced the action in Ventura Superior Court on October 16, 2006, and filed a second amended complaint on April 18, 2007. On May 19, 2008, plaintiffs filed a notice of removal after learning that Walter Cervantes filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Central District of California. The City of Simi Valley has now filed a motion to remand the case to state court.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. Facts Underlying the Case

This action concerns the death of Cynthia Scott, an 18-year-old woman who was killed in a car accident on October 16, 2005. Scott was a passenger in Walter Cervantes' 2000 Honda Civic; Cervantes was street racing another vehicle.[1] Although knowing that Cervantes had been cited for street racing, his parents permitted him to make performance-enhancing modifications to the vehicle, which they owned, and to operate it.[2] During the street race, Cervantes drove the vehicle at a speed that was substantially in excess of the posted limit, lost control, crossed into an oncoming lane of traffic, and struck a wooden telephone pole.[3] The pole broke on impact and propelled the vehicle backwards into a massive cement block. Scott was trapped by the crushing force of the concrete block, delaying her extraction from the vehicle. She died soon after.[4]

Plaintiffs alleged the following claims in state court: (i) a wrongful death claim against Walter Cervantes, based on negligence, gross negligence, and reckless driving under California Penal Code § 192(c)(1); (ii) a survival action again Walter Cervantes, based on negligence, gross negligence, and reckless driving under California Penal Code § 192(c)(1), which also sought punitive damages under Civil Code § 3294, and attorneys' fees under Code of Civil Procedure § 1021.4; (iii) a wrongful death claim against the City of Simi Valley, alleging negligence under California Government Code § 835; (iv) a survival action against the City of Simi Valley; (v) a wrongful death claim against Walter Cervantes' parents, Celia and Ruben Cervantes, alleging negligent entrustment under California Vehicle Code § 17150; and (vi) a survival action against Celia and Ruben Cervantes. Plaintiffs sought general damages, special damages for loss of society and loss of services in the amount of at least $3,000,000 or according to proof, special damages for loss of earning capacity in the amount of at least $2,000,000 or according to proof; medical and

---

[1] Second Amended Complaint, ¶ 13.

[2] *Id.*, ¶¶ 14-23.

[3] *Id.*, ¶¶ 27, 29.

[4] *Id.*, ¶¶ 30-35.

funeral expenses; prejudgment interest under California Civil Code § 3287; punitive damages; and attorneys' fees.

### B. Removal

Cervantes filed a Chapter 7 bankruptcy petition on April 29, 2008, just a few days before trial in this case was scheduled to begin on May 5, 2008.[5] On May 19, 2008, plaintiffs removed the action to this court. They assert that removal is proper under 28 U.S.C. §1411(a) because the action is "related to [defendant's] bankruptcy case,"[6] and consequently that the district court has jurisdiction under 28 U.S.C. §1334(b). Plaintiffs note that the action alleges wrongful death claims for which they have a right to trial by jury. Because they have a right to a jury trial, and because the bankruptcy court lacks the statutory authority to conduct jury trials, plaintiffs argue that the case must be removed to district court.[7] See 28 U.S.C. §1411(a) ("this chapter and title 11 do not affect any right to a trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death tort claim"). The removal was timely under 28 U.S.C. §§ 1446(b) and 1452(a). See *Davis v. Ocwen Federal Bank, FSB*, Civ.A. 305CV1229MHT, 2006 WL 155241, *4 (M.D. Ala. Jan. 19, 2006) ("By its plain language, the 30-day requirement of § 1446(b) applies to cases removed under § 1452").

On June 4, 2008, the City of Simi Valley filed a motion to remand the action to state court on the grounds that it involves parties other than the debtor and that resolution would be more efficient in state court.[8] The City notes that all of plaintiffs' claims arise under California law and that during the more than one and a half years it has been the forum for the case, the Ventura Superior Court has ruled on demurrers, motions to strike, discovery motions, motions for summary

---

[5] Notice of Removal at 2.

[6] *Id.*

[7] *Id.* at 3.

[8] Memorandum of Points and Authorities in Support of Motion to Remand Removed Action ("Def.'s Mem.") at 2.

3

judgment, and ex parte applications.[9] It contends that all that trial is the only event that remains in the case.[10]

## II. DISCUSSION

### A. Defendants' Motion for Remand

Defendant argues that removal was improper and that remand is appropriate on "equitable grounds."

#### 1. Legal Standard Governing Removal

28 U.S.C. § 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334 vests district courts with "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). Unlike the regular removal statute, § 1452 "authorizes *any* 'party,' including plaintiffs, to remove." *California Public Employees' Retirement System v. WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004). Section 1452(b) provides that the court to which a claim is removed under § 1452(a) may remand "on any equitable ground." 28 U.S.C. § 1452(b); see also *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 130 (1995) ("Section 1452(b) broadly provides for district court remand of claims related to bankruptcy cases 'on any equitable ground'").

#### 2. Whether the Claims Are Within the Court's Bankruptcy Jurisdiction

##### a. Legal Standard Governing Subject Matter Jurisdiction Under 28 U.S.C. § 1334(b)

Under the Bankruptcy Amendments and Judgeship Act, district courts have original but not exclusive jurisdiction of any civil action "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A proceeding "arises under" title 11 if it involves "'a cause of action created or determined by a statutory provision of title 11.'" *In re Harris Pine Mills*, 44 F.3d

---

[9]*Id.*, 7

[10]*Id.*

1431, 1435 (9th Cir. 1995) (quoting *In re Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987)). "'Arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.'" *Id.*; see also *In re ACI-HDT Supply Co.*, 205 B.R. 231, 234-35 (9th Cir. BAP 1997) (same). "Proceedings 'related to' the bankruptcy," by contrast, "include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Vacation Village, Inc. v. Clark County, Nev.*, 497 F.3d 902, 911 (9th Cir. 2007); see *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (a civil action is "related to" a bankruptcy proceeding if "the outcome of the proceeding could conceivably have an[ ] effect on the estate being administered in bankruptcy,' alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) [or] . . . in any way impact[ ] upon the handling and administration of the bankrupt estate,'" quoting *Pacor*, *Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984), overruled on other grounds, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)). "[C]ommon facts alone are insufficient to confer 'related to' jurisdiction." *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999).

If an action "arises under" or "arises in" a case under title 11, it is a core proceeding under 28 U.S.C. §157. See, e.g., *In re National Gypsum Co.*, 118 F.3d 1056, 1063 (5th Cir. 1997); *In re Harris Pine Mills*, 44 F.3d at 1435; *Phar-mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1234 (3rd Cir. 1994). If a case is merely "related to" a bankruptcy proceeding, it is non-core. *In re Harris Pine Mills*, 44 F.3d at 1435; *Phar-mor*, 22 F.3d at 1235; *In re Eastport Associates*, 935 F.2d 1071, 1076-77 (9th Cir. 1991) (as amended); *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). There is no dispute that this action is a non-core "related to" case because plaintiffs allege that the outcome of the case could have an effect on Cervantes' bankruptcy estate. Although not conclusive, as a general matter where a state action is not a core proceeding, "considerations of equity support remand to state court." *City of Moreno Valley, CA v. Century-TCI CA, L.P.*, No. EDCV02-1387 VAP (SGLx), 2003 WL 22126450, *2 (C.D. Cal. Mar. 21, 2003); see *id.* at *3 ("In other words, the case ultimately would have to be determined outside of the bankruptcy court, and thus judicial economy favors remand").

    **b.  Whether the Court Has Subject Matter Jurisdiction over Plaintiffs' Claims under 28 U.S.C. § 1334(b)**

All parties agree that the present action was properly removed under § 1452(a), and the court has jurisdiction to hear it under § 1334(b), because it is related to Cervantes' bankruptcy proceeding.[11] Defendant contends, however, that "while removal may have been technically permissible, plaintiffs' application of Section 1452(a) serves neither the legal nor jurisprudential interests of that statute."[12] After consideration of the parties' arguments, the court agrees with defendant.[13]

### c.    Whether the Court Should Exercise its Discretion to Remand the Action Pursuant to 28 U.s.c. § 1452(b)

Even where federal jurisdiction is properly invoked under § 1334, the district court has broad discretion to remand an action to state court under 28 U.S.C. §1452(b). Section 1452(b) permits remand on "any equitable ground"; whether to remand is discretionary with the district court, and is a decision that is not reviewable on appeal. 28 U.S.C. § 1452(b);[14] see *City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1121 (9th Cir. 2006) (noting that § 1452(b) "bars appellate review of a district

---

[11] Plaintiffs' Opposition to Defendant's Notice of Motion and Motion to Remand Removed Action ("Pls.' Opp.") at 2.

[12] Reply of Defendant City of Simi Valley to Plaintiffs' Opposition to Motion to Remand Removed Action ("Def.'s Reply") at 3.

[13] Because the court remands the case on equitable grounds, it declines to address whether abstention is appropriate under § 1334(c). It notes, however, that in the Ninth Circuit, a court cannot abstain unless there is an ongoing, parallel state proceeding. See *In re Lazar*, 237 F.3d 967, 981-82 (9th Cir. 2001) ("Section 1334(c) abstention should be read *in pari materia* with section 1452(b) remand, so that [§ 1334(c) ] applies only in those cases in which there is a related proceeding that either permits abstention in the interest of comity, section 1334(c)(1), or that, by legislative mandate, requires it, section 1334(c)(2). . . . On March 22, 1996, the Trustee successfully removed the Mandamus Adversary from state court, and, as a result, '[n]o other related [state] proceeding thereafter exists.' . . . Accordingly, because there is no pending state proceeding, §§ 1334(c)(1) and 1334(c)(2) are simply inapplicable to this case"). Because the only relevant state court proceeding was removed to federal court, §§ 1334(c)(1) and 1334(c)(2) are inapplicable, and remand, rather than abstention, is the relevant procedural question.

[14] Section 1452(b) reads:
"The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." 28 U.S.C. § 1452(b).

6

court's order remanding a properly removed cause of action if the remand decision is based on equitable factors"). "The 'any equitable' ground needed for remand subsumes both the usual considerations of fairness, economy, and common sense and, albeit uncomfortably, the procedural and jurisdictional grounds for granting a motion to remand." *Snider v. Sherman*, No. CV-F-03-6605 OWW, 2007 WL 1174441, *43 (E.D. Cal. Apr. 19, 2007).

Typically, seven non-exclusive factors assist in making the decision: "(1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to [the] non-moving party from removal." *Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006) (citing *Williams v. Shell Oil Co.*, 169 B.R. 684, 692-93 (S.D. Cal. 1994)); see *Parke v. Cardsystems Solutions, Inc.*, No. C 06-04857 WHA, 2006 WL 2917604, *4 (N.D. Cal. Oct. 11, 2006) (same); *Drexel Burnham Lambert Group v. Vigilant Ins.*, 130 B.R. 405, 407 (S.D.N.Y. 1991).

### i. Issues of State Law

Defendant argues that issues of state law predominate here,[15] and that this fact and considerations of comity weigh in favor of remand. Plaintiffs does not dispute that all of their claims are state law claims. Courts consistently exercised their discretion to remand under § 1452(b) where a case is grounded exclusively in state law. See *Parke*, 2006 WL 2917604 at *4 (finding that remand was appropriate where "[a]ll seven of plaintiff's claims were brought under California common or statutory law"); *City of Moreno Valley*, 2003 WL 22126450 at *3 (concluding that remand to state court was equitable since resolution of the case, which was based entirely on state law, required a "review of local government entities and local ordinances" that the state court was best equipped to manage); *In re Bay Area Material Handling, Inc.*, No. C 95-01903 CW, 1995 WL 747954, *9 (N.D. Cal. Dec. 6, 1995) ("the predominance of state law issues supports remand, given that a state court is 'better able to hear and determine a suit involving questions of state law than is a bankruptcy court,'" quoting *Western Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 6 (E.D. Cal. 1988)).

---

[15]*Id.*, 6

7

Where issues of state law predominate, comity also favors remand. All of the parties in this case are California residents or entities, and California law governs resolution of the claims. "Comity dictates that California courts should have the right to adjudicate . . . exclusively state law claims involving California-centric plaintiffs and California-centric transactions." *In re Enron Corp.*, 296 B.R. 505, 509 (C.D. Cal. 2003); see *Parke*, 2006 WL 2917604 at *4 (quoting *Enron*). Comity also counsels that the court remand an action where significant litigation activities have taken place in state court. Compare *Senorx, Inc. v. Coudert Bros., LLP*, No. C-07-1075 SC, 2007 WL 1520966, *3 (N.D. Cal. May 24, 2007) ("Comity does not favor remand in this case. Though the case was before the state court for some time, the court had not made significant progress").

Here, as noted, trial was days away when Cervantes filed his bankruptcy petition and the case was removed. Unlike the state court, this court has no familiarity with the action, which would necessitate a longer delay of trial here than in state court. Therefore, exercising jurisdiction over the case would not only violate principles of comity, but also waste judicial resources. See *Parke*, 2006 WL 2917604 at *5 ("Remand also avoids a waste of judicial resources. As stated above, the San Francisco Superior Court already devoted over a year of its time to this action. During that period, the state court issued substantive rulings on plaintiffs' request for temporary and injunctive relief, as well as on defendants' demurrers. The state court also exhausted resources on case management and on discovery disputes. Failing to remand will require a new court to expend resources getting up to speed on an action that has been pending for over a year, a result that should be avoided," citing *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 667 (Bankr. C.D. Cal. 2001)); see also *Eaton v. Taskin, Inc.*, No. 07-3056, 2007 WL 2700554, *5 n. 6 (C.D. Ill. July 20, 2007) ("The concerns for comity and the duplication of judicial resources favor equitable remand because the state court proceedings are fairly advanced; before the instant action was removed, it had been pending in the state court for over 3 years and was at the summary judgment stage").[16]

---

[16]Plaintiffs argues that comity "strongly favors" litigating the action in district court. They contend that if the case is remanded, the bankruptcy court will have to lift the automatic stay before the state court action can proceed. The thrust of this argument is somewhat unclear. On the one hand, plaintiffs argue that, because the bankruptcy court will have to consider whether to lift the stay, it would be inefficient *not* to have this court decide the case on its merits. See *In re Finley*, 62 B.R. 361, 366

The third state law factor – whether the issues of state law raised are complex or difficult to apply – does not favor remand. Plaintiffs' claims are straightforward wrongful death, survival and negligence claims. Nonetheless, the fact that state law predominates and that the case has been extensively litigated in state court strongly favor equitable remand.

### ii. Relatedness to the Bankruptcy

The remaining factors relevant in assessing whether it is equitable to remand a case removed under § 1452(a) address the extent to which the case is related to (1) the bankruptcy estate and (2) the bankruptcy proceeding. This case is, as noted, "related to" Cervantes' bankruptcy proceeding; it does not arise in or arise under it, meaning that it does not concern the administration of the bankruptcy estate, the allowance or disallowance of bankruptcy claims, claims by the estate against third parties, the dischargeability of certain of Cervantes' debts, preferences or fraudulent conveyances, or other core bankruptcy proceedings. See 28 U.S.C. § 157. Defendant is therefore correct that "[t]he removed case

---

(N.D. Ga. 1986) ("In this case, a duplication of judicial resources is probable since a bankruptcy court would have to determine rights in and the disposition of the attached funds. The court would also have to address whether the facts warranted a lifting of the stay in order to allow the state action to proceed. A more economical use of judicial time and effective determination of the rights of all interested parties would be accomplished by denying the remand"). While this might be true in some cases where the right to jury trial is not implicated, it is not true here, as the bankruptcy court will be unable to address the case on the merits. Plaintiffs may mean to contend that a failure to lift the stay will result in separate trials for different sets of defendants. This assertion does not appear to cut either in favor of or against remand, however, as it will be true wherever the action is pending if the bankruptcy court declines to lift the automatic stay.

Plaintiffs' arguments on this point highlight a more fundamental, procedural flaw in their removal. The City argues briefly that it was improper for plaintiffs to file a notice of removal while the automatic stay was in effect. Although defendant cites no authority for this proposition, there is Ninth Circuit law supporting it. See *Security Farms v. Intern. Broth. of Teamsters*, 124 F.3d 999, 1007 n. 3 (9th Cir. 1997) ("The International could not remove the state court proceeding until the bankruptcy court officially lifted the automatic stay"); see also *In re Hoskins*, 266 B.R. 872, 877 (Bankr. W.D. Mo. 2001) ("actions stayed by a bankruptcy filing include removing a pending state court lawsuit to the bankruptcy court if the claim or cause of action is subject to the automatic stay"); *Phillips v. Federal Deposit Ins. Corp. (In re Phillips)*, 124 B.R. 712, 716 n. 7 (Bankr. W.D. Tex. 1991) (noting that the FDIC had "violated the automatic stay established by the bankruptcy filing when it removed the state collection and foreclosure action to federal court post-petition without relief from stay," but declining to consider the matter further as the parties did not raise it). The fact that plaintiffs did not seek relief from the automatic stay before removing the action provides an additional basis for granting the City's motion to remand. It also strongly suggests, contrary to plaintiffs' assertions, that comity warrants remand.

bears no legal or factual relation to the bankruptcy case other than one defendant filing for relief."[17]

Because the removed case is not a core proceeding arising in or under title 11, the court concludes that federal court is not a more appropriate forum than state court for resolution of the dispute. While the fact that Cervantes sought bankruptcy protection days before trial means that the outcome of the case may well an effect on the assets and liabilities of the bankruptcy estate, this connection alone is not sufficient to warrant the exercise of federal jurisdiction given the state law issues involved and the action's long pendency in state court. As stated in *In re Etheridge*, No. 305-40182-tmb, 2006 WL 4528540 (Bankr. D. Or. July 21, 2006), "where a suit is not based in federal law and is only tangentially related to a bankruptcy, it is appropriate, for reasons of comity and pragmatism, to remand the case to the more experienced state forum." *Id.* at *4; see also *In re Donington, Karcher, Salmond, Ronan & Pianone, P.A.*, 194 B.R. 750, 760 (D.N.J. 1996) ("[T]he claims in both the Burke Action and the Third-party Action relate to the Debtor's bankruptcy proceeding only tangentially. Therefore, these equitable factors compel the conclusion that the remand of this action is appropriate under the doctrines of permissive abstention and equitable remand").

### iii.     Other Factors

The remaining *Hopkins* factors are whether there is a right to a jury trial and whether there the non-moving party will suffer prejudice as a result of the removal. Both factors weigh in favor of remand. Plaintiffs assert a right to jury trial and acknowledge that the action cannot be decided by the bankruptcy court as a result. Although plaintiffs contend that this favors removal of the action to district court, it in fact supports remand to state court. See *City of Moreno Valley*, 2003 WL 22126450 at *3 (noting that remand was appropriate in part because "this is a case where the parties are entitled to a jury trial"); see also *id.* ("Since the action is not a core proceeding, the bankruptcy judge will be required to submit proposed findings of fact and conclusions of law to a district court for de novo review. . . . In other words, the case ultimately would have to be determined outside of the bankruptcy court, and thus judicial economy favors remand"); *In re Campos*, 234 F.3d 705, 2000 WL 1598002, *2 (5th Cir. Sept. 27, 2000) (Unpub. Disp.) ("The bankruptcy court cited several equitable grounds in support of its

---

[17]Reply to Opposition to Motion to Remand Removed Action, 2

remand order, including: protection of the right to a jury trial, the fact that the case involved primarily state contract law, and that the state court was familiar with the facts because the case was pending in state courts for eight months before it was removed").

Similarly, it is clear that the City will be burdened if the action remains in this court. As it notes, both parties have litigated the action extensively in state court, pursuant to the rules and procedures of that court. Transfer of this case to federal court at this late date will necessitate that the City (as well as plaintiffs) undertake further significant work to comply with the Federal Rules of Civil Procedure and prepare the case for a federal trial. Additionally, all parties and witnesses reside in Ventura County.[18] Litigating the balance of the action in federal court will require that the parties and witnesses travel a significantly greater distance to attend court proceedings, which will be held in downtown Los Angeles, than would be necessary if the matter remained in state court. For all these reasons, the court agrees with the City that an "eleventh hour" transfer of the action to federal court will prejudice defendant, and thus that this factor weighs in favor of remand.

### iv.   Balancing the Factors

Virtually all of the *Hopkins* factors favor remand. State law issues predominate, and the matter has been pending in state court for some time. Transferring the case to federal court for trial would both be inefficient and violate principles of comity. Additionally, the action is only tangentially related to the bankruptcy proceeding by virtue of the fact that one of the defendants is the debtor. The fact that plaintiffs seek a jury trial – which will prevent the bankruptcy court from hearing the case – demonstrates that no judicial efficiency will be achieved by removal, and that equity demands supports remand. Given all of the equitable factors favoring remand, the court exercises its discretion to remand the action case to state court pursuant to § 1452(b).[19]

---

[18]Def.'s Mem. at 8. According to defendant, only plaintiffs' counsel has an office in Los Angeles County.

[19]In addition to seeking remand on equitable grounds, the City asserts that plaintiffs' removal was procedurally improper. In note 16, the court has addressed the City's argument that it was improper for plaintiffs to remove the action to federal court before seeking relief from the automatic stay in bankruptcy court. The City also asserts that the action should have been removed to bankruptcy court rather than district court. Section 1452(a) makes no mention of the bankruptcy court, specifying that

11

### III. CONCLUSION

For the reasons stated, the court exercises its discretion to remand this action to state court on equitable grounds pursuant to 28 U.S.C. § 1452(b). The court directs the clerk to remand the action forthwith to Ventura Superior Court.

DATED: July 29, 2008

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

an action may be removed "to the district court for the district where such civil action is pending." 28 U.S.C. § 1452(a). The bankruptcy court, however, is a unit of the district court. The Federal Rules of Bankruptcy Procedure, moreover, specify that "[a] notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." FED.R.BANK.PROC. 9027(a)(1). As noted in *In re Seven Fields Development Corp.*, 505 F.3d 237, 247 n. 8 (3d Cir. 2007), the term "clerk" is defined in Rule 9001(3) as "bankruptcy clerk." The *Seven Fields* court commented that the Western District of Pennsylvania – the district to which a case had there been removed – had a general order referring all bankruptcy cases and proceedings filed in the district the bankruptcy court. This district has a similar general order. See CA CD GENERAL ORDER 266; see also 28 U.S.C. § 157(a). Under these circumstances, it is generally "proper to remove to the bankruptcy court rather than the district court." *Braden Partners, L.P. v. Hometech Medical Services, Inc.*, No. C-02-5187 EMC, 2003 WL 223423, *2 (N.D. Cal. Jan. 17, 2003) (citing *In re Aztec Industries, Inc.*, 84 B.R. 464, 468 (N.D. Ohio 1987)). Unlike the Northern District of California, however, the Central District does not have a local rule clarifying that notices of removal may *only* be filed in the bankruptcy court. See *id.* ("[I]n the Northern District of California, any ambiguity is resolved by Bankruptcy Local Rule 5011-1(a), which states, 'Pursuant to 28 U.S.C. § 157(a), all cases under title 11 and all civil proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges of this district except as provided in B.L.R. 5011-1(b)'"). Moreover, had the notice of removal been filed in bankruptcy court, the district court could have withdrawn the reference under 28 U.S.C. § 157(d). See *State Sav. & Loan Ass'n of Lubbock v. Liberty Trust Co.*, 863 F.2d 423, 425 (5th Cir. 1989) ("The district court had removal jurisdiction under 28 U.S.C. § 1452(a). . . . Although under the provisions of § 157(a) the district court automatically should have referred the case to a bankruptcy court after removal, . . . the error was harmless. The district court, under 28 U.S.C. § 157(d) . . . , could have withdrawn the case from the bankruptcy court upon its own motion for cause"). For these reasons, the court declines to rely on this procedural error in deciding to remand the action to state court. Cf. *In re Coastal Plains, Inc.*, 338 B.R. 703 (N.D. Tex. 2006) ("The minority view is that the term ;district court' means just what it says and should be interpreted as being exclusive of the bankruptcy court. . . . The majority of federal courts, on the other hand, allow state cases to be removed directly to the bankruptcy court without first being routed through the district court. . . . The primary bases for the decisions of these courts are an expanded definition of the term 'district court' and the practicality of not requiring an additional, unnecessary step in the removal process"). Given that the matter has been fully briefed in district court, there is no need to take the additional, unnecessary step of transferring the issue to the bankruptcy court for resolution.